UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN WHITAKER-PINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cv-1080-TWP-MJD |
| BOARD OF TRUSTEES OF THE FLAVIUS | ) |
| J. WITHAM MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on a Motion to Remand for Lack of Subject Matter Jurisdiction filed pursuant to 28 U.S.C. § 1447(c), by Plaintiff Susan Whitaker-Pine ("Whitaker-Pine") (Filing No. 8). Whitaker-Pine initiated this action in state court on behalf of herself and all others similarly situated, against Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital ("Witham Hospital") alleging that Witham Hospital violated privacy rights by embedding a tool on its website that surreptitiously transmits user activity data to third-party entities. (Filing No. 1-1.) Witham Hospital removed the case to federal court under 28 U.S.C. § 1442(a)(1), and Whitaker-Pine contends remand is required. For the following reasons, Whitaker-Pine's Motion to Remand is **granted**.

I. BACKGROUND

This is a data privacy case. In 2004, President George Bush established a National Health Information Technology Coordinator (ONC). *See* 69 FR 24059, Exec. Order No. 13335, 2004 WL 3247263(Pres.). The Executive Order was intended to "trigger a nationwide implementation of interoperable health information technology in both the public and private health care sectors" (Filing No. 1 ¶ 25 (quoting Exec. Order 13,335 (Apr. 27, 2004))). Congress codified the Office of

the National Coordinator in the Health Information Technology for Economic and Clinical Health Act of 2009. *Id.* ¶ 26. The ONC created guidance for providers dictating that "'federal agencies' were to 'collaborate with . . . private stakeholders to . . . build a culture of electronic health information access and use.'" *Id.* at ¶ 28.

The federal government directed providers to "create interoperable patient portals that allow users to communicate directly with their providers and immediately access (or transfer) their medical records." *See* 42 C.F.R. § 495.20(f)(12)(i)(B). *Id*. at ¶ 33. Providers are then required to report patient engagement to the ONC and the Center for Medicare and Medicaid Services ("CMS"). *Id*. at ¶ 36. Providers who meet certain levels of engagement with electronic health record use through the patient portal are awarded incentive payments. *Id.* at ¶ 37. To optimize engagement, CMS relies on third-party marketers, like Google and Facebook. *Id.* at ¶ 39. Witham Hospital reports patient engagement of their online hospital records to help meet the federal government's national priority of interoperable health information technology. *Id.* at ¶¶ 47, 48.

Whitaker-Pine was a patient at Witham Hospital, an Indiana healthcare system (Filing No. 1-1 at ¶ 28). Witham Hospital serves many of its patients via its Online Platforms and encourages patients to use the platform to, among other things, schedule medical appointments, locate physicians and treatment facilities, communicate medical symptoms, and search medical conditions and treatment options (*Id.* at ¶ 7, 34). Whitaker-Pine alleges that Witham Hospital embedded a website-tracking tool, "Meta Pixel," on its website to increase the success of its advertising, marketing, and sales. *Id.* at ¶¶ 36, 43. When implementing Meta Pixel, Witham Hospital shared patients' private and protected communications with Facebook without patients' knowledge. *Id.* ¶¶ 36, 63.

2

On May 28, 2023, Whitaker-Pine initiated this action in the Marion Superior Court, in Indianapolis, Marion County, Indiana, under Cause No. 49D01-2305-PL-020025 and requested that it be assigned to the Indiana Commercial Court docket (*see* [Filing No. 1-1 at 54](#)). She filed the action on behalf of herself and all others similarly situated, against Witham Hospital for (1) breach of implied contract, (2) unjust enrichment, (3) violation of the Indiana Deceptive Consumer Sales Act, and (4) violation of the Indiana Wiretapping Act ([Filing No. 1-1](#) ¶ 27). On June 21, 2023, Witham Hospital timely removed the action to federal court asserting that the federal court has jurisdiction over Whitaker-Pine's state common law and statutory law claims pursuant to 28 U.S.C. §1442(a)(1), known as the "federal officer removal statute" ([Filing No. 1](#)). Specifically, Whitman Hospital asserts that because the alleged conduct challenged by Plaintiff was undertaken pursuant to the federal government's extensive efforts to build a nationwide health information technology infrastructure over the past two decades, this case is removable under the Federal Officer Removal statute. *Id.* On July 21, 2023, Whitaker-Pine moved to remand this action to the Indiana Commercial Court, Marion County, Indiana ([Filing No. 8](#)). Witham Hospital filed a Response in Opposition ([Filing No. 10](#)), and Whitaker-Pine replied ([Filing No. 13](#)). On November 9, 2023, December 1, 2023 and January 10, 2024, Whitaker-Pine filed Notices of Supplemental Authority ([Filing No. 14), (Filing No. 15), (Filing No. 16)](#). The motion is ripe for review.

## II.    **LEGAL STANDARD**

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

3

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal bears the burden of proving the grounds for its motion." *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 280 (7th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).

### III.    DISCUSSION

Witham Hospital removed this action to federal court pursuant to 28 U.S.C. § 1442(a)(1), invoking what is commonly referred to as Federal Officer Jurisdiction. The federal officer removal statute provides that a civil action "commenced in a State court . . . against or directed to" an officer of the United States "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a). The federal officer removal statute requires that a party seeking removal show: (1) it was a "person;" (2) it was "acting under" the United States, its agencies, or its officers; (3) it has been sued "for or relating to any act under color of such office;" and (4) it has a colorable federal defense to plaintiff's claims. *Ruppel*, 701 F.3d at 1180–81.

"Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 466–67 (3d Cir. 2015) (internal quotation marks omitted).  "The Supreme Court's jurisprudence teaches that the policy in favor of federal

4

officer removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 943 (7th Cir. 2020) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

Whitaker-Pine posits that it initiated this action asserting purely state law claims on behalf of an Indiana plaintiff and a proposed class of Indiana citizens. They contend that Witham Hospital is neither a federal officer nor was it acting under a federal officer, Witham Hospital does not have a colorable federal defense and there is simply no "federal hook" to bring this case within this Court's subject-matter jurisdiction (Filing No. 9). The Court agrees.

A.  **Witham Hospital Was Not Acting Under a Federal Officer**

In its Notice of Removal, Witham Hospital asserts that it was "acting under a federal officer's authority" because the Meaningful Use Program incentivizes, regulates, monitors, and supervises the engagement of patients accessing their health records digitally (Filing No. 1 ¶¶ 47-50). Whitaker-Pine contends that Witham Hospital's compliance with the Meaningful Use Program's purpose of increasing patient online engagement is not enough to "act under" a federal officer (Filing No. 9 at 7). Rather, Witham Hospital must show that the requisite relationship "involves subjection, guidance, or control" exercised by the government and that it takes on a job that the government would otherwise do itself (Filing No. 9 at 7 (quoting *Watson v. Phillips Morris Cos.*, 551 U.S., 142, 151 (2007)). In response, Witham Hospital maintains that it was "acting under" federal authority because it received Medicare reimbursement payments for its compliance with the Meaningful Use Program. (Filing No. 11 at 5 (citing *Watson*, 551 U.S. at 156.)

Whitman Hospital's reliance is misguided. The United States Supreme Court, in *Watson*, held that a private cigarette manufacturer could not remove its case under § 1442(a)(1) simply because "a federal regulatory agency direct[ed], supervis[ed], and monitor[ed] [the] company's

5

activities in considerable detail." *Watson*, 551 U.S. at 142. The court explained that a private entity does not "act under" a federal official even if the regulation is "highly detailed" and the private entity's actions are "highly supervised and monitored." *Id.* at 153. Rather, "[t]he assistance that private contractors provide federal officers [must go] beyond simple compliance with the law and help[ ] officers fulfill other basic governmental tasks." *Id.* This relationship "typically involves subjection, guidance, or control." *Id.* at 151.

Even so, a private entity may "act under" federal authority when the private entity "is helping the Government to produce an item that it needs." *Id.* at 153; *see, e.g., Ruppel*, 701 F.3d at 1181 (holding that a turbine manufacturer "acted under" federal officers because the manufacturer "worked hand-in-hand with the government . . . to achieve an end it would have otherwise used its own agents to complete). *But see Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590 (7th Cir. 2016) (holding that although "private contractors performing tasks for the government are sometimes covered under section 1442," it is possible to "take this idea too far").

Relying on *Watson*, the Seventh Circuit, held that a private nursing home was not "acting under" a federal officer despite being highly regulated by Medicare or Medicaid reimbursement incentives and Center for Disease Control orders. *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1212 (7th Circ. 2022). The Seventh Circuit reasoned that although the nursing home complied with many federal regulations and received payment for its compliance, those regulations did not turn a private entity into a federal actor. *Id.* at 1212-13; *see also Lu Junghong v. Boeing*, 792 F.3d 805, 808 (7th Cir. 2015) (holding that merely being subject to comprehensive federal regulations or performing a function that a government agency controls cannot transform a private entity into a federal officer).

6

What is true about nursing homes is true about hospitals. There is no doubt that Witham Hospital must comply with federal requirements under the Meaningful Use Program to receive Medicare reimbursements. However, Witham Hospital's actions do not go "beyond simple compliance." *Watson*, 551 U.S. at 153. Witham Hospital is not a government agent merely by virtue of earning incentive payments for its compliance.

Although the federal government expressly encourages "the implementation of interoperable health information technology infrastructure" (Filing No. 11 at 6 (citing Exec. Order 13,335 (Apr. 27, 2004))), the federal government is not obligated to create its own online infrastructure (Filing No. 11 at 7). Therefore, Witham Hospital's online patient portal is neither something the government "needs," nor is the preservation of online health records a "basic governmental task." *Watson*, 551 U.S. at 153.

In addition, Witham Hospital is not a federal actor; it is a private hospital. The creation of an online patient portal and the preservation of electronic health records are private hospital tasks. And "[p]rivate firms retain their private character even when many aspects of their conduct are controlled by federal statutes and rules." *Martin*, 37 F.4th at 1213. Witham Hospital is therefore not "acting under" federal authority despite the federal Medicare incentive and regulation to maintain the online patient portal.

This Court has recently considered the issue in several nearly identical cases and reached the same conclusion. *See Elkins v. Se. Indiana Health Mgmt. Inc.*, No. 1:23-cv-01117-JRS-TAB, 2023 WL 6567438, at *2 (S.D. Ind. Oct. 10, 2023) (Sweeney II) ("If one asks, 'is a private hospital effectively a government agent when it makes a website to earn incentive payments?' the *prima facie* answer is 'absolutely not.'"); *Lamarr v. Goshen Health Sys., Inc.*, No. 1:23-cv-01173-JRS-MJD, 2023 WL 6690582, at *5 (S.D. Ind. Oct. 12, 2023) (Sweeney II) (granting a patient's motion

7

for remand because a private hospital did not act as a federal officer when the hospital created an online patient portal that satisfied the criteria for Medicare incentive payments). See also *Fleece v. Board of Trustees of the Hancock Regional Hospital*, 1:23-cv-01235-MPB-TAB, (S.D. Ind. Nov. 20, 2023); and *Chiaro v. The Methodist Hospitals, Inc.*, 1:23-cv-01051-SEB-CSW (S.D. Ind. Nov. 29, 2023).

Because Witham Hospital is not "acting under" the Department of Health and Human Services by maintaining its patient portal, federal officer removal was inappropriate under 28 U.S.C. § 1442(a)(1). The Court finds this factor dispositive and need not address the other elements of the statutory test. Whitaker-Pine's Motion for Remand is **granted**.

B. **Attorney's Fees are Inappropriate**

Whitaker-Pine requests attorneys' fees incurred in opposing removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis'" for seeking removal. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Sanctions may be awarded when removal is clearly improper, *id.*, but not necessarily frivolous, *Martin*, 546 U.S. at 138–40 (explaining rationale for fee-shifting).

Whitaker-Pine argues that attorneys' fees are appropriate because Witham Hospital failed to allege the facts to establish federal officer status, and Witham Hospital relied on district court cases that other district courts have rejected ([Filing No. 9 at 16-17](Filing No. 9 at 16-17)). Witham Hospital responds that fees are inappropriate because the Seventh Circuit has not addressed the federal officer statute in similar cases. And at the time of removal, there was no clearly established law in this novel area, particularly where some district courts have sustained federal jurisdiction and others have

not. Witham Hospital contends it had a good faith basis to assert federal jurisdiction over this dispute and an award of attorneys' fees would be entirely inappropriate here.  ([Filing No. 11 at 21](Filing No. 11 at 21).) In reply, Whitaker-Pine reiterates tits belief that attorneys' fees are appropriate because Witham Hospital relies on two district court cases that have been rejected by other district courts ([Filing No. 13 at 11](Filing No. 13 at 11)).

The Court will not award Whitaker-Pine attorneys' fees under 28 U.S.C. § 1447(c). Witham Hospital's attempt to extend federal officer removal to private hospitals complying with federal regulation to receive incentives was not objectively unreasonable.  Although some district courts remanded cases under analogous facts, this district court had not addressed the issue before Witham Hospital filed its Motion for Removal ([Filing No. 1](Filing No. 1)).  Additionally, the Seventh Circuit has not foreclosed Witham Hospital's position.  Instead, the Seventh Circuit left open the possibility for a private entity to act as a federal officer when it is helping the government complete a task governmental agents would otherwise complete. *See Ruppel*, 701 F.3d at 1181. Witham Hospital had an "objectively reasonable basis" for seeking removal.

This Court has recently considered the issue in two identical cases and reached the same conclusion. *See Elkins*, 2023 WL 6567438, at * 3; *Lamarr*, 2023 WL 6690582, at * 3 ("The Court thinks [the hospital's] federal officer argument, while not successful, was at least colorable in light of the Seventh Circuit's military-contract cases").  Whitaker-Pine's request for fees is **denied**.

### IV.     CONCLUSION

For the reasons stated above, Whitaker-Pine's Motion to Remand ([Filing No. 8](Filing No. 8)) is **GRANTED**, except as to its request for attorneys' fees.  This Court **remands** the case back to the Marion Superior Court's Commercial Court.  The parties Joint Motion to Stay Proceedings Pending Ruling on Motion to Remand to State Court ([Filing No. 7](Filing No. 7)) is **DENIED** as moot.

**SO ORDERED**

Date: 2/6/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Michelle R. Gomez
BAKER & HOSTETLER LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
BAKER & HOSTETLER LLP
pkarlsgodt@bakerlaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com