**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

SUSAN WHITAKER-PINE,

Plaintiff,

v.

BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL,

Defendant.

Case No. 1:23-cv-01080-TWP-MJD

**DEFENDANT BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL'S RULE 62(A) EMERGENCY MOTION FOR TEMPORARY STAY OF REMAND ORDER**

Philip R. Zimmerly
Tyler J. Moorhead
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
*pzimmerly@boselaw.com*
*tmoorhead@boselaw.com*

Paul G. Karlsgodt
Michelle R. Gomez
**BAKER & HOSTETLER LLP**
1801 California Street, Ste. 4400
Denver, CO 80202
*pkarlsgodt@bakerlaw.com*
*mgomez@bakerlaw.com*

*Counsel for Defendant*

This is a unique removal case in this sense: pursuant to the Removal Clarification Act of 2011, Congress broadened the substance of the statute and also provided for the right of appeal for federal officer removal cases under 28 U.S.C. § 1442(a)(1). *See* 28 U.S.C. § 1447(d) (providing that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or section 1443 shall be reviewable by appeal or otherwise").

As the Supreme Court has explained: "So before a civil rights case is returned to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order. In 2011, Congress added a similar exception for suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442. Here, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1546 (2021) (citation omitted; emphasis in original).

For this reason, the Court's remand order is treated as a final judgment that is subject to the automatic temporary stay provisions of Rule 62(a). *See* Fed. R. Civ. P. 62(a) (providing that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise"); *id*. at 62(c) ("[s]tay of an injunction, receivership, or patent accounting order"); *id*. at 62(d) (injunction pending an appeal).

As the Fifth Circuit recently held: "[W]here a remand order is appealable under section 1447(d), the remand order is treated like any other final judgment." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 371 (5th Cir. 2023) (quotation omitted); *see also West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance.") (citation

omitted); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) ("an order remanding a case which had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *Walker v. Arbor Mang't Servs., LLC*, 2022 WL 18777384, at *13 (N.D. Ga. Nov. 17, 2022) (same; "the Court **STAYS** the remand order for **30-days** to allow Defendants to exercise their right to appeal") (emphasis in original); *Tenn. ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018) (same; "Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a 'judgment' is defined as 'any order from which an appeal lies,' it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure") (citation omitted); *compare Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (same for immediate appellate right for remand order under 12 U.S.C. § 1819(b)(2)(C); "Once the FDIC appealed, a stay order should have been issued.").

This is also the same procedure that was followed in removal cases brought under nearly identical facts. *See, e.g., Doe v. Integris Health, Inc.*, Case No. 5:23-cv-00728-HE, Dkt. #28 (W.D. Okla., Nov. 21, 2023) (vacating and amending prior order to stay the transfer of the case on remand for 30 days); *Horton v. Willis-Knighton Medical Center*, Case No. 23-cv-314, Dkt. #44 (W.D. La., Aug. 21, 2023) (same; "After consideration of Defendant Willis-Knighton Medical Center's Emergency Motion for Temporary Stay of Remand Order Pursuant to Federal Rules of Civil Procedure 62(a), **IT IS HEREBY ORDERED** that the Motion for Stay is **GRANTED**."); *Martin v. LCMC Health Holdings, Inc., et al.,* Case No. 23-cv-411, Dkt. #41 (E.D. La., July 6, 2023) (same; "Considering the above and foregoing *Ex Parte* Motion for Expedited Hearing Schedule

on Emergency Motion for Temporary Stay of Remand Order, Pursuant to Federal Rules of Civil Procedure 62(a) filed by Defendants, LCMC Health Holdings, Inc. and Louisiana Children's Medical Center: **IT IS ORDERED** that the motion is **GRANTED**."); *Jonathan Mohr v. The Trustees of the University of Pennsylvania*, Case No. 23-cv-731, Dkt. # 19 (E.D. Pa., Apr. 24, 2023) (same; "the Clerk's Office is hereby **ORDERED** that the Order of Remand (ECF No. 17), which is appealable pursuant to 28 U.S.C. § 1447(d), is stayed for 30 days pursuant to Federal Rule of Civil Procedure 62.")

For these reasons, Defendant respectfully requests that the Court enter the 30-day automatic stay of the Court's remand order under Rule 62(a). Board of Trustees of the Flavius J. Witham Memorial Hospital is reviewing the Court's Order and moving expeditiously to analyze its appellate options in the interim.

Dated: February 6, 2024

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Paul G. Karlsgodt*
Paul G. Karlsgodt
Michelle R. Gomez
1801 California Street, Ste. 4400
Denver, CO 80202
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
*pkarlsgodt@bakerlaw.com*
*michellegomez@bakerlaw.com*

Philip R. Zimmerly, No. 30217-06
Tyler J. Moorhead, No. 34705-73
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
*pzimmerly@boselaw.com*
*tmoorhead@boselaw.com*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on February 6, 2024, I filed the foregoing *Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital's Emergency Motion for Temporary Stay of Remand Order* with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system and by email.

*/s/ Paul G. Karlsgodt*
*Counsel for Defendant*