

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

March 8, 2024

James Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue
Freedom Building
Nashville, TN 37203

Paul G Karlsgodt
Baker & Hostetler LLP
1801 California Street
Suite 4400
Denver, CO 80202

RE:  SUSAN WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL

CAUSE NO:  1:23-cv-01080-TWP-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:23-cv-01080-TWP-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Karen Angermeier, Deputy Clerk
8122311842

# Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports*. The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal*. When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN 46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

March 8, 2024

RE:  SUSAN WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL

CAUSE NO:  1:23-cv-01080-TWP-MJD

Dear Appellant:

A Notice of Appeal was filed in the above case on March 06, 2024. However, a "Docketing Statement" was <u>not filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe,
Clerk of Court

By Karen Angermeier, Deputy Clerk

# **Selected Rules for Reference**

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

# THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level. Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts. The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**

  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**

  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**

  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**

  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**

  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**

  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**

  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**

  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**

  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**

  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

▪ **What is the role of the conference attorney?**
Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

▪ **What can counsel expect of the conference attorney**?
Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

▪ **How can counsel make best use of the Rule 33 conference to benefit their clients?**
Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

SUSAN WHITAKER-PINE,

            Plaintiff,

    v.

BOARD OF TRUSTEES OF THE FLAVIUS
J. WITHAM MEMORIAL HOSPITAL,

            Defendant.

Case No. 1:23-cv-01080-TWP-MJD

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital ("Witham"), pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, appeals to the United States Court of Appeals for the Seventh Circuit, this Court's Order Granting Motion to Remand [Dkt. 17], which was entered in this action on February 6, 2024. The Order is final and jurisdiction in the United States Court of Appeals for the Seventh Circuit is proper under 28 U.S.C. § 1447(d) and 28 U.S.C. § 1442.

Dated: March 6, 2024

Respectfully submitted,

**BAKER & HOSTELER LLP**

By: */s/ Paul G. Karlsgodt*
Paul G. Karlsgodt
Michelle R. Gomez
1801 California Street, Ste. 4400
Denver, CO 80202
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
*pkarlsgodt@bakerlaw.com*
*michellegomez@bakerlaw.com*

Philip R. Zimmerly, No. 30217-06
Tyler J. Moorhead, No. 34705-73
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
*pzimmerly@boselaw.com*
*tmoorhead@boselaw.com*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, I electronically filed a copy of the foregoing **Notice of Appeal** with the Court, causing notice of the same to be served on all counsel of record via CM/ECF.

*/s/ Paul G. Karlsgodt*
Paul G. Karlsgodt
*Counsel for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| SUSAN WHITAKER-PINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cv-1080-TWP-MJD |
| BOARD OF TRUSTEES OF THE FLAVIUS | ) |
| J. WITHAM MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court on a Motion to Remand for Lack of Subject Matter Jurisdiction filed pursuant to 28 U.S.C. § 1447(c), by Plaintiff Susan Whitaker-Pine ("Whitaker-Pine") (Filing No. 8).  Whitaker-Pine initiated this action in state court on behalf of herself and all others similarly situated, against Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital ("Witham Hospital") alleging that Witham Hospital violated privacy rights by embedding a tool on its website that surreptitiously transmits user activity data to third-party entities.  (Filing No. 1-1.)  Witham Hospital removed the case to federal court under 28 U.S.C. § 1442(a)(1), and Whitaker-Pine contends remand is required.  For the following reasons, Whitaker-Pine's Motion to Remand is **granted**.

## I.      BACKGROUND

This is a data privacy case.  In 2004, President George Bush established a National Health Information Technology Coordinator (ONC).  *See* 69 FR 24059, Exec. Order No. 13335, 2004 WL 3247263(Pres.). The Executive Order was intended to "trigger a nationwide implementation of interoperable health information technology in both the public and private health care sectors" (Filing No. 1 ¶ 25 (quoting Exec. Order 13,335 (Apr. 27, 2004))).  Congress codified the Office of

the National Coordinator in the Health Information Technology for Economic and Clinical Health Act of 2009. *Id.* ¶ 26. The ONC created guidance for providers dictating that "'federal agencies' were to 'collaborate with . . . private stakeholders to . . . build a culture of electronic health information access and use.'" *Id.* at ¶ 28.

The federal government directed providers to "create interoperable patient portals that allow users to communicate directly with their providers and immediately access (or transfer) their medical records." *See* 42 C.F.R. § 495.20(f)(12(i)(B). *Id.* at ¶ 33. Providers are then required to report patient engagement to the ONC and the Center for Medicare and Medicaid Services ("CMS"). *Id.* at ¶ 36. Providers who meet certain levels of engagement with electronic health record use through the patient portal are awarded incentive payments. *Id.* at ¶ 37. To optimize engagement, CMS relies on third-party marketers, like Google and Facebook. *Id.* at ¶ 39. Witham Hospital reports patient engagement of their online hospital records to help meet the federal government's national priority of interoperable health information technology. *Id.* at ¶¶ 47, 48.

Whitaker-Pine was a patient at Witham Hospital, an Indiana healthcare system ([Filing No. 1-1 at ¶ 28](#)). Witham Hospital serves many of its patients via its Online Platforms and encourages patients to use the platform to, among other things, schedule medical appointments, locate physicians and treatment facilities, communicate medical symptoms, and search medical conditions and treatment options (*Id.* at ¶ 7, 34). Whitaker-Pine alleges that Witham Hospital embedded a website-tracking tool, "Meta Pixel," on its website to increase the success of its advertising, marketing, and sales. *Id.* at ¶¶ 36, 43. When implementing Meta Pixel, Witham Hospital shared patients' private and protected communications with Facebook without patients' knowledge. *Id.* ¶¶ 36, 63.

On May 28, 2023, Whitaker-Pine initiated this action in the Marion Superior Court, in Indianapolis, Marion County, Indiana, under Cause No. 49D01-2305-PL-020025 and requested that it be assigned to the Indiana Commercial Court docket (*see* [Filing No. 1-1 at 54](#)). She filed the action on behalf of herself and all others similarly situated, against Witham Hospital for (1) breach of implied contract, (2) unjust enrichment, (3) violation of the Indiana Deceptive Consumer Sales Act, and (4) violation of the Indiana Wiretapping Act ([Filing No. 1-1](#) ¶ 27). On June 21, 2023, Witham Hospital timely removed the action to federal court asserting that the federal court has jurisdiction over Whitaker-Pine's state common law and statutory law claims pursuant to 28 U.S.C. §1442(a)(1), known as the "federal officer removal statute" ([Filing No. 1](#)). Specifically, Whitman Hospital asserts that because the alleged conduct challenged by Plaintiff was undertaken pursuant to the federal government's extensive efforts to build a nationwide health information technology infrastructure over the past two decades, this case is removable under the Federal Officer Removal statute. *Id.* On July 21, 2023, Whitaker-Pine moved to remand this action to the Indiana Commercial Court, Marion County, Indiana ([Filing No. 8](#)). Witham Hospital filed a Response in Opposition ([Filing No. 10](#)), and Whitaker-Pine replied ([Filing No. 13](#)). On November 9, 2023, December 1, 2023 and January 10, 2024, Whitaker-Pine filed Notices of Supplemental Authority ([Filing No. 14), (Filing No. 15), (Filing No. 16)](#)). The motion is ripe for review.

## II.     <u>LEGAL STANDARD</u>

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal bears the burden of proving the grounds for its motion." *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278, 280 (7th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)).

## III. DISCUSSION

Witham Hospital removed this action to federal court pursuant to 28 U.S.C. § 1442(a)(1), invoking what is commonly referred to as Federal Officer Jurisdiction. The federal officer removal statute provides that a civil action "commenced in a State court . . . against or directed to" an officer of the United States "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a). The federal officer removal statute requires that a party seeking removal show: (1) it was a "person;" (2) it was "acting under" the United States, its agencies, or its officers; (3) it has been sued "for or relating to any act under color of such office;" and (4) it has a colorable federal defense to plaintiff's claims. *Ruppel*, 701 F.3d at 1180–81.

"Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum." *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 466–67 (3d Cir. 2015) (internal quotation marks omitted). "The Supreme Court's jurisprudence teaches that the policy in favor of federal

officer removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 943 (7th Cir. 2020) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

Whitaker-Pine posits that it initiated this action asserting purely state law claims on behalf of an Indiana plaintiff and a proposed class of Indiana citizens. They contend that Witham Hospital is neither a federal officer nor was it acting under a federal officer, Witham Hospital does not have a colorable federal defense and there is simply no "federal hook" to bring this case within this Court's subject-matter jurisdiction (Filing No. 9). The Court agrees.

### A. Witham Hospital Was Not Acting Under a Federal Officer

In its Notice of Removal, Witham Hospital asserts that it was "acting under a federal officer's authority" because the Meaningful Use Program incentivizes, regulates, monitors, and supervises the engagement of patients accessing their health records digitally (Filing No. 1 ¶¶ 47-50). Whitaker-Pine contends that Witham Hospital's compliance with the Meaningful Use Program's purpose of increasing patient online engagement is not enough to "act under" a federal officer (Filing No. 9 at 7). Rather, Witham Hospital must show that the requisite relationship "involves subjection, guidance, or control" exercised by the government and that it takes on a job that the government would otherwise do itself (Filing No. 9 at 7 (quoting *Watson v. Phillips Morris Cos.*, 551 U.S., 142, 151 (2007)). In response, Witham Hospital maintains that it was "acting under" federal authority because it received Medicare reimbursement payments for its compliance with the Meaningful Use Program. (Filing No. 11 at 5 (citing *Watson*, 551 U.S. at 156.)

Whitman Hospital's reliance is misguided. The United States Supreme Court, in *Watson*, held that a private cigarette manufacturer could not remove its case under § 1442(a)(1) simply because "a federal regulatory agency direct[ed], supervis[ed], and monitor[ed] [the] company's

activities in considerable detail." *Watson*, 551 U.S. at 142. The court explained that a private entity does not "act under" a federal official even if the regulation is "highly detailed" and the private entity's actions are "highly supervised and monitored." *Id.* at 153. Rather, "[t]he assistance that private contractors provide federal officers [must go] beyond simple compliance with the law and help[ ] officers fulfill other basic governmental tasks." *Id.* This relationship "typically involves subjection, guidance, or control." *Id.* at 151.

Even so, a private entity may "act under" federal authority when the private entity "is helping the Government to produce an item that it needs." *Id.* at 153; *see, e.g., Ruppel*, 701 F.3d at 1181 (holding that a turbine manufacturer "acted under" federal officers because the manufacturer "worked hand-in-hand with the government . . . to achieve an end it would have otherwise used its own agents to complete). *But see Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590 (7th Cir. 2016) (holding that although "private contractors performing tasks for the government are sometimes covered under section 1442," it is possible to "take this idea too far").

Relying on *Watson*, the Seventh Circuit, held that a private nursing home was not "acting under" a federal officer despite being highly regulated by Medicare or Medicaid reimbursement incentives and Center for Disease Control orders. *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210, 1212 (7th Circ. 2022). The Seventh Circuit reasoned that although the nursing home complied with many federal regulations and received payment for its compliance, those regulations did not turn a private entity into a federal actor. *Id.* at 1212-13; *see also Lu Junghong v. Boeing*, 792 F.3d 805, 808 (7th Cir. 2015) (holding that merely being subject to comprehensive federal regulations or performing a function that a government agency controls cannot transform a private entity into a federal officer).

What is true about nursing homes is true about hospitals. There is no doubt that Witham Hospital must comply with federal requirements under the Meaningful Use Program to receive Medicare reimbursements. However, Witham Hospital's actions do not go "beyond simple compliance." *Watson*, 551 U.S. at 153. Witham Hospital is not a government agent merely by virtue of earning incentive payments for its compliance.

Although the federal government expressly encourages "the implementation of interoperable health information technology infrastructure" (Filing No. 11 at 6 (citing Exec. Order 13,335 (Apr. 27, 2004))), the federal government is not obligated to create its own online infrastructure (Filing No. 11 at 7). Therefore, Witham Hospital's online patient portal is neither something the government "needs," nor is the preservation of online health records a "basic governmental task." *Watson*, 551 U.S. at 153.

In addition, Witham Hospital is not a federal actor; it is a private hospital. The creation of an online patient portal and the preservation of electronic health records are private hospital tasks. And "[p]rivate firms retain their private character even when many aspects of their conduct are controlled by federal statutes and rules." *Martin*, 37 F.4th at 1213. Witham Hospital is therefore not "acting under" federal authority despite the federal Medicare incentive and regulation to maintain the online patient portal.

This Court has recently considered the issue in several nearly identical cases and reached the same conclusion. *See Elkins v. Se. Indiana Health Mgmt. Inc.*, No. 1:23-cv-01117-JRS-TAB, 2023 WL 6567438, at *2 (S.D. Ind. Oct. 10, 2023) (Sweeney II) ("If one asks, 'is a private hospital effectively a government agent when it makes a website to earn incentive payments?' the *prima facie* answer is 'absolutely not.'"); *Lamarr v. Goshen Health Sys., Inc.*, No. 1:23-cv-01173-JRS-MJD, 2023 WL 6690582, at *5 (S.D. Ind. Oct. 12, 2023) (Sweeney II) (granting a patient's motion

for remand because a private hospital did not act as a federal officer when the hospital created an online patient portal that satisfied the criteria for Medicare incentive payments). See also *Fleece v. Board of Trustees of the Hancock Regional Hospital*, 1:23-cv-01235-MPB-TAB, (S.D. Ind. Nov. 20, 2023); and *Chiaro v. The Methodist Hospitals, Inc*., 1:23-cv-01051-SEB-CSW (S.D. Ind. Nov. 29, 2023).

Because Witham Hospital is not "acting under" the Department of Health and Human Services by maintaining its patient portal, federal officer removal was inappropriate under 28 U.S.C. § 1442(a)(1). The Court finds this factor dispositive and need not address the other elements of the statutory test. Whitaker-Pine's Motion for Remand is **granted**.

**B.**     <u>**Attorney's Fees are Inappropriate**</u>

Whitaker-Pine requests attorneys' fees incurred in opposing removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis'" for seeking removal. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005)). Sanctions may be awarded when removal is clearly improper, *id*., but not necessarily frivolous, *Martin*, 546 U.S. at 138–40 (explaining rationale for fee-shifting).

Whitaker-Pine argues that attorneys' fees are appropriate because Witham Hospital failed to allege the facts to establish federal officer status, and Witham Hospital relied on district court cases that other district courts have rejected (Filing No. 9 at 16-17). Witham Hospital responds that fees are inappropriate because the Seventh Circuit has not addressed the federal officer statute in similar cases. And at the time of removal, there was no clearly established law in this novel area, particularly where some district courts have sustained federal jurisdiction and others have

not. Witham Hospital contends it had a good faith basis to assert federal jurisdiction over this dispute and an award of attorneys' fees would be entirely inappropriate here. (Filing No. 11 at 21.)  In reply, Whitaker-Pine reiterates tits belief that attorneys' fees are appropriate because Witham Hospital relies on two district court cases that have been rejected by other district courts (Filing No. 13 at 11).

The Court will not award Whitaker-Pine attorneys' fees under 28 U.S.C. § 1447(c). Witham Hospital's attempt to extend federal officer removal to private hospitals complying with federal regulation to receive incentives was not objectively unreasonable.  Although some district courts remanded cases under analogous facts, this district court had not addressed the issue before Witham Hospital filed its Motion for Removal (Filing No. 1).  Additionally, the Seventh Circuit has not foreclosed Witham Hospital's position.  Instead, the Seventh Circuit left open the possibility for a private entity to act as a federal officer when it is helping the government complete a task governmental agents would otherwise complete.  *See Ruppel*, 701 F.3d at 1181. Witham Hospital had an "objectively reasonable basis" for seeking removal.

This Court has recently considered the issue in two identical cases and reached the same conclusion.  *See Elkins*, 2023 WL 6567438, at * 3; *Lamarr*, 2023 WL 6690582, at * 3 ("The Court thinks [the hospital's] federal officer argument, while not successful, was at least colorable in light of the Seventh Circuit's military-contract cases").  Whitaker-Pine's request for fees is **denied**.

## IV.      CONCLUSION

For the reasons stated above, Whitaker-Pine's Motion to Remand (Filing No. 8) is **GRANTED**, except as to its request for attorneys' fees.  This Court **remands** the case back to the Marion Superior Court's Commercial Court.  The parties Joint Motion to Stay Proceedings Pending Ruling on Motion to Remand to State Court (Filing No. 7) is **DENIED** as moot.

**SO ORDERED**

Date: 2/6/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Michelle R. Gomez
BAKER & HOSTETLER LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
BAKER & HOSTETLER LLP
pkarlsgodt@bakerlaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SUSAN WHITAKER-PINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01080-TWP-MJD |
| | ) | |
| BOARD OF TRUSTEES OF THE FLAVIUS J. | ) | |
| WITHAM MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DIRECTING EXPEDITED BRIEFING

This matter is before the Court on Defendant's Emergency Motion to Stay Order Granting

Motion to Remand (Filing No. 20). Plaintiff shall respond no later than **Friday, February 9, 2024**.

The **clerk is directed** to transmit Filing No. 20 along with this order to the Clerk of the Marion

County Court to include with its docket.

IT IS SO ORDERED.

Date:   2/7/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michelle R. Gomez
Baker & Hostetler LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
Baker & Hostetler LLP
pkarlsgodt@bakerlaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

James Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC
gstranch@stranchlaw.com

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| SUSAN WHITAKER-PINE,<br><br>              Plaintiff,<br><br>      v.<br><br>BOARD OF TRUSTEES OF THE FLAVIUS<br>J. WITHAM MEMORIAL HOSPITAL,<br><br>              Defendant. | Case No. 1:23-cv-01080-TWP-MJD |

**DEFENDANT BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL
HOSPITAL'S RULE 62(A) EMERGENCY MOTION FOR
<u>TEMPORARY STAY OF REMAND ORDER</u>**

Philip R. Zimmerly
Tyler J. Moorhead
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
*pzimmerly@boselaw.com*
*tmoorhead@boselaw.com*

Paul G. Karlsgodt
Michelle R. Gomez
**BAKER & HOSTETLER LLP**
1801 California Street, Ste. 4400
Denver, CO 80202
*pkarlsgodt@bakerlaw.com*
*mgomez@bakerlaw.com*

*Counsel for Defendant*

This is a unique removal case in this sense: pursuant to the Removal Clarification Act of 2011, Congress broadened the substance of the statute and also provided for the right of appeal for federal officer removal cases under 28 U.S.C. § 1442(a)(1). *See* 28 U.S.C. § 1447(d) (providing that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or section 1443 shall be reviewable by appeal or otherwise").

As the Supreme Court has explained: "So before a civil rights case is returned to state court, a federal court of appeals usually *can* intervene to test the soundness of the district court's remand order.  In 2011, Congress added a similar exception for suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442.  Here, too, Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *BP P.L.C. v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532, 1546 (2021) (citation omitted; emphasis in original).

For this reason, the Court's remand order is treated as a final judgment that is subject to the automatic temporary stay provisions of Rule 62(a). *See* Fed. R. Civ. P. 62(a) (providing that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise"); *id*. at 62(c) ("[s]tay of an injunction, receivership, or patent accounting order"); *id*. at 62(d) (injunction pending an appeal).

As the Fifth Circuit recently held: "[W]here a remand order is appealable under section 1447(d), the remand order is treated like any other final judgment." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 371 (5th Cir. 2023) (quotation omitted); *see also West Va. St. Univ. Bd. of Governors v. Dow Chem. Co.*, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance.") (citation

1

omitted); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) ("an order remanding a case which had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure"); *Walker v. Arbor Mang't Servs., LLC*, 2022 WL 18777384, at *13 (N.D. Ga. Nov. 17, 2022) (same; "the Court **STAYS** the remand order for **30-days** to allow Defendants to exercise their right to appeal") (emphasis in original); *Tenn. ex rel. Slatery v. Tenn. Valley Auth.*, 2018 WL 3092942, at *1 n.3 (M.D. Tenn. June 22, 2018) (same; "Because an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable, and a 'judgment' is defined as 'any order from which an appeal lies,' it follows that an order remanding a case that had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure") (citation omitted); *compare Vision Bank v. Bama Bayou, LLC*, 2012 WL 1592985, at *2 (S.D. Ala. May 7, 2012) (same for immediate appellate right for remand order under 12 U.S.C. § 1819(b)(2)(C); "Once the FDIC appealed, a stay order should have been issued.").

This is also the same procedure that was followed in removal cases brought under nearly identical facts. *See, e.g., Doe v. Integris Health, Inc*., Case No. 5:23-cv-00728-HE, Dkt. #28 (W.D. Okla., Nov. 21, 2023) (vacating and amending prior order to stay the transfer of the case on remand for 30 days); *Horton v. Willis-Knighton Medical Center*, Case No. 23-cv-314, Dkt. #44 (W.D. La., Aug. 21, 2023) (same; "After consideration of Defendant Willis-Knighton Medical Center's Emergency Motion for Temporary Stay of Remand Order Pursuant to Federal Rules of Civil Procedure 62(a), **IT IS HEREBY ORDERED** that the Motion for Stay is **GRANTED**."); *Martin v. LCMC Health Holdings, Inc., et al.,* Case No. 23-cv-411, Dkt. #41 (E.D. La., July 6, 2023) (same; "Considering the above and foregoing *Ex Parte* Motion for Expedited Hearing Schedule

on Emergency Motion for Temporary Stay of Remand Order, Pursuant to Federal Rules of Civil Procedure 62(a) filed by Defendants, LCMC Health Holdings, Inc. and Louisiana Children's Medical Center: **IT IS ORDERED** that the motion is **GRANTED**."); *Jonathan Mohr v. The Trustees of the University of Pennsylvania*, Case No. 23-cv-731, Dkt. # 19 (E.D. Pa., Apr. 24, 2023) (same; "the Clerk's Office is hereby **ORDERED** that the Order of Remand (ECF No. 17), which is appealable pursuant to 28 U.S.C. § 1447(d), is stayed for 30 days pursuant to Federal Rule of Civil Procedure 62.")

For these reasons, Defendant respectfully requests that the Court enter the 30-day automatic stay of the Court's remand order under Rule 62(a). Board of Trustees of the Flavius J. Witham Memorial Hospital is reviewing the Court's Order and moving expeditiously to analyze its appellate options in the interim.

Dated: February 6, 2024                    Respectfully submitted,

                                           **BAKER & HOSTETLER LLP**

                                           By: *_/s/ Paul G. Karlsgodt_*
                                           Paul G. Karlsgodt
                                           Michelle R. Gomez
                                           1801 California Street, Ste. 4400
                                           Denver, CO 80202
                                           Telephone: (303) 861-0600
                                           Facsimile: (303) 861-7805
                                           *pkarlsgodt@bakerlaw.com*
                                           *michellegomez@bakerlaw.com*

                                           Philip R. Zimmerly, No. 30217-06
                                           Tyler J. Moorhead, No. 34705-73
                                           **BOSE MCKINNEY & EVANS LLP**
                                           111 Monument Circle, Suite 2700
                                           Indianapolis, Indiana 46204
                                           Telephone: (317) 684-5000
                                           Facsimile: (317) 684-5173
                                           *pzimmerly@boselaw.com*
                                           *tmoorhead@boselaw.com*

                                           *Counsel for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 6, 2024, I filed the foregoing *Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital's Emergency Motion for Temporary Stay of Remand Order* with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system and by email.

*/s/ Paul G. Karlsgodt*
*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| SUSAN WHITAKER-PINE, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-01080-TWP-MJD |
| BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL, | |
| Defendant. | |

**[PROPOSED] ORDER**

Considering Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital's

Emergency Motion for Temporary Stay of Remand Order, and pursuant to Federal Rule of Civil

Procedure 62(a):

**IT IS HEREBY ORDERED** that the Motion for Temporary Stay is **GRANTED**.

Accordingly, the Clerk's Office is hereby **ORDERED** that the Order Granting Motion to Remand

(Dkt. 17), and the Judgment of Remand (Dkt. 18), which is appealable pursuant to 28 U.S.C. ¶

1447(d), is stayed for 30 days, pursuant to Federal Rule of Civil Procedure 62.

So ordered this _____ day of February, 2024.

_____
Hon. Tanya Walton Pratt
United States District Court Judge
Southern District of Indiana

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN WHITAKER-PINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01080-TWP-MJD |
| | ) | |
| BOARD OF TRUSTEES OF THE FLAVIUS J. | ) | |
| WITHAM MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO STAY

This matter is before the Court on Defendant Board of Trustees of the Flavius J. Witham Memorial Hospital's ("Witham Hospital") Rule 62(A) Emergency Motion for Temporary Stay of Remand Order (Filing No. 20). For the reasons set forth below, Witham Hospital's Motion is **denied**.

## I.    BACKGROUND

Plaintiff Susan Whitaker-Pine ("Whitaker-Pine") initiated this action in state court on behalf of herself and all others similarly situated, against Witham Hospital alleging that Witham Hospital violated privacy rights by embedding a tool on its website that surreptitiously transmits user activity data to third-party entities (Filing No. 1-1). Witham Hospital filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1) (Filing No. 1). Whitaker-Pine subsequently filed a Motion to Remand (Filing No. 8).

On February 6, 2024, the Court entered an Order granting Whitaker-Pine's Motion to Remand (Filing No. 17). The Order remanded the case back to state court for lack of subject-matter jurisdiction. Later that day, Witham Hospital filed an Emergency Motion for Temporary

Stay of the Remand Order ([Filing No. 20](#)).  The Court ordered expedited briefing ([Filing No. 23](#))

and on February 7, 2024, Whitaker-Pine filed a response in opposition ([Filing No. 22](#)).

## II.     DISCUSSION

Witham Hospital removed this case asserting federal jurisdiction over Whitaker-Pine's state

common law and statutory law claims pursuant to 28 U.S.C. § 1442(a)(1), known as the "federal

officer removal statute" ([Filing No. 1](#)).  Witham Hospital asserted that it was "acting under a federal

officer's authority" when complying with the federal requirements of the Meaningful Use Program

to receive Medicare reimbursements.  *Id.* ¶¶ 47-50.  This Court disagreed and remanded the case

back to state court for a lack of subject matter jurisdiction, finding that Witham Hospital was not

"acting under" the Department of Health and Human Services by maintaining its patient portal

([Filing No. 17](#)).

Witham Hospital now moves for a 30-day automatic stay of the Court's remand order under

Rule 62(a) so that they may analyze their appellate options in the interim.  Whitaker-Pine opposes

and argues that Witham Hospital's Motion should be treated as a motion to alter or amend judgment

under Rule 59(e).  Additionally, Whitaker-Pine contends that Witham Hospital's Motion cannot

succeed under either Rules 59(e) or 62(a) because they have not demonstrated a likelihood of

success on the merits, and they have not articulated any prejudice that would occur if the Court

denied its Motion to Stay.

### A.     District Court's Authority to Stay Pending Appeal Under Rule 62(a)

Except as provided in Federal Rules of Civil Procedure 62(c) and (d), "execution on a

judgment and proceedings to enforce it" are automatically stayed for thirty days after its entry,

"unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  "Judgment" is defined as "any order

from which an appeal lies."  *See* Fed. R. Civ. P. 54(a).  Although an order for remand is usually not

appealable because they are not "final" decisions, federal officer removal cases under 28 U.S.C. §

1442(a)(1) are immediately reviewable. *See* 28 U.S.C. § 1447(d) (stating that "an order remanding a case to the State court from which it was removed pursuant to section 1442 [] of this title shall be reviewable by appeal or otherwise."). Accordingly, Rule 62(a) applies to orders remanding cases removed from state court pursuant to 28 U.S.C. § 1442. *See Martin v. LCMC Holdings, Inc.*, Case No. 23-cv-411, 2023 WL 5173791, at *3 (E.D. La. Aug. 11, 2023).

Here, like in *Martin*, the Court finds it has the authority to either "dissolve the automatic stay" like it has in this case, Fed. R. Civ. P. 62(a) 2018 Advisory Committee Notes, "supersede it by ordering a stay that lasts longer", *id.*, or permit the automatic stay for thirty days to stand. *See* Fed. R. Civ. P. 62(a). Witham Hospital now asks the Court to undo its previous actions under Rule 62(a) in favor of instating a thirty-day stay. Whether such a stay is warranted requires additional analysis.

**B.** **Whether a Stay is Warranted Under Rule 62(a)**

The Court has the authority to stay the remand order pending appeal, however, Witham Hospital is required to demonstrate they are entitled to such a stay. *See Winston-Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971) (the moving party bears "the heavy burden for making out a case for such extraordinary relief."). When deciding whether a stay is appropriate under Rule 62, the United Staes Supreme Court in *Nken v. Holder* set forth factors courts should consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure [other interested parties]; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Witham Hospital points to a string of cases that support the proposition that district courts are allowed to issue a stay following a remand order pursuant to § 1442, but that is not the end of

the court's analysis. (*See* [Filing No. 20 at 2](#) (citing *Doe v. Integris Health, Inc*., Case No. 5:23-cv-00728-HE, Dkt. #28 (W.D. Okla., Nov. 21, 2023); *Horton v. Willis-Knighton Medical Center*, Case No. 23-cv-314, Dkt. #44 (W.D. La., Aug. 21, 2023); *Martin v. LCMC Health Holdings, Inc., et al.*, Case No. 23-cv-411, Dkt. #41 (E.D. La., July 6, 2023). Witham Hospital has the burden of demonstrating that it is entitled to a stay, *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020), but it has failed to address any of the *Nken* factors in its Motion.

The first two factors are the most critical. *Nken*, 556 U.S. at 434. First, the Court asks whether Witham Hospital has made a strong showing that they are likely to succeed on the merits. To demonstrate a likelihood of success of appeal on the merits, Witham Hospital must show that their chances to succeed are "better than negligible." *Mays*, 974 F.3d at 822; *J.A.W. v. Evansville Vanderburgh Sch. Corp.*, 323 F. Supp. 3d 1030, 1036 (S.D. Ind. 2018).

Whitman Hospital has not addressed success on the merits, and based on its review of case law, the Court finds that Witham Hospital does not have a likelihood of success of appeal on the merits. In *Martin*, plaintiff filed suit against defendants for using digital tools to transmit patients' communications to companies like Facebook and Google. 2023 WL 5173791, at *1. Defendants removed the suit to federal court and plaintiff filed a motion for remand which was granted. *Id.* Following the order granting remand, the Court denied defendants' emergency motion to stay which was ultimately denied because of the "nationwide rejection of the reasoning employed" in similar cases. *Id.* at 3. Similar to the *Martin* court's remand order, this Court notes that courts have overwhelmingly "reject[ed] the reasoning" of Witham Hospital.

Moreover, Witham Hospital has failed to demonstrate they were acting under a federal officer's direction. A private entity is not considered to be "acting under" a federal officer by merely being subject to comprehensive federal regulations to receive benefits. *See Martin v.*

*Peterson Health Operations, LLC*, 37 F.4th 1210, 1212 (7th Cir. 2022); *see also Lu Junghong v. Boeing*, 792 F.3d 805, 808 (7th Cir. 2015) (holding that merely being subject to comprehensive federal regulations or performing a function that a government agency controls cannot transform a private entity into a federal officer). Witham Hospital cannot establish a likelihood of success on the merits.

Witham Hospital has not demonstrated that they will be irreparably harmed absent a stay. The denial of a stay simply means that this case will proceed in Marion Superior Court's Commercial Court. Witham Hospital has failed to communicate any argument that they will be irreparably harmed. In their Motion, Witham Hospital simply requests the stay asserting they will analyze its appellate options in the interim. It can assess appellate options while the case continues in state court. Finally, Witham Hospital has not pointed to any other party that would be substantially injured by denying a stay, and the Court does not find that issuing a stay is in the public's interest. Defendant cannot meet the high burden for its requested stay.

Given the Court's analysis of the *Nken* factors, and Witham Hospital's silence as to these factors, it has failed to meet the high burden for its requested stay. The Court finds no reason to stay the remand Order so the request is **denied**.

### III.     CONCLUSION

For the reasons explained above, Witham Hospital's Emergency Motion for Temporary Stay of Remand Order (Filing No. 20) is **DENIED**. The clerk is directed to transmit a copy of this order to the Clerk of the Marion County Court to include with its docket.

**SO ORDERED.**

Date:  2/12/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Amina Thomas
COHEN & MALAD LLP
athomas@cohenandmalad.com

James Gerard Stranch, IV
STRANCH, JENNINGS & GARVEY, PLLC
gstranch@stranchlaw.com

Lynn A. Toops
COHEN & MALAD LLP
ltoops@cohenandmalad.com

Michelle R. Gomez
BAKER & HOSTETLER LLP
mgomez@bakerlaw.com

Paul G Karlsgodt
BAKER & HOSTETLER LLP
pkarlsgodt@bakerlaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Clerk of Marion County Court

APPEAL,CLOSED

# U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01080-TWP-MJD
## Internal Use Only

| | |
|---|---|
| WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL | Date Filed: 06/21/2023 |
| | Date Terminated: 02/06/2024 |
| Assigned to: Judge Tanya Walton Pratt | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Mark J. Dinsmore | Nature of Suit: 890 Other Statutory Actions |
| Case in other court: Marion County Superior Court, 49D01-2305-PL-020025 | Jurisdiction: U.S. Government Defendant |
| Cause: 28:1441 Petition for Removal | |

Discovery Deadline:                              Settlement Conference:
Dispositive Motion Deadline:                     Final Pretrial Conference:
                                                 Trial Date:

**Plaintiff**

**SUSAN WHITAKER-PINE**                 represented by  **Amina Thomas**
                                                        COHEN & MALAD LLP
                                                        One Indiana Square
                                                        Suite 1400
                                                        Indianapolis, IN 46204
                                                        317-636-6481
                                                        Fax: 317-636-6481
                                                        Email: athomas@cohenandmalad.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James Gerard Stranch , IV**
                                                        Stranch, Jennings & Garvey, PLLC
                                                        223 Rosa L. Parks Avenue
                                                        Freedom Building
                                                        Ste 200
                                                        Nashville, TN 37203
                                                        615-254-8801
                                                        Fax: 615-250-3937
                                                        Email: gstranch@stranchlaw.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Lynn A. Toops**
                                                        COHEN & MALAD LLP
                                                        One Indiana Square
                                                        Suite 1400
                                                        Indianapolis, IN 46204
                                                        (317) 636-6481
                                                        Fax: (317) 636-2593
                                                        Email: ltoops@cohenandmalad.com
                                                        *ATTORNEY TO BE NOTICED*

**WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL
(1:23-cv-01080-TWP-MJD)**

V.

**Defendant**

| | | |
|---|---|---|
| **BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL** | represented by | **Michelle R. Gomez** |

Baker & Hostetler LLP
1801 California Street
Ste 4400
Denver, CO 80202
303-861-0600
Fax: 303-861-7805
Email: mgomez@bakerlaw.com
*ATTORNEY TO BE NOTICED*

**Paul G Karlsgodt**
Baker & Hostetler LLP
1801 California Street
Suite 4400
Denver, CO 80202
303-861-0600
Email: pkarlsgodt@bakerlaw.com
*ATTORNEY TO BE NOTICED*

**Philip R. Zimmerly**
BOSE MCKINNEY & EVANS, LLP
(Indianapolis)
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
317-684-5000
Fax: 317-684-5173
Email: pzimmerly@boselaw.com
*ATTORNEY TO BE NOTICED*

**Tyler John Moorhead**
BOSE MCKINNEY & EVANS LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204
317-684-5130
Fax: 317-223-0130
Email: tmoorhead@boselaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2024 | 26 | NOTICE OF APPEAL as to 17 Closed Remanded, filed by Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Filing fee $605, receipt number AINSDC-8058831) (Karlsgodt, Paul) (Entered: 03/06/2024) |
| 02/26/2024 | 25 | Clerk of the Marion County Court acknowledges receipt of remand documents on 2/26/2024 re 19 Transfer Letter to the Clerk of the Marion County Court. (JSR) (Entered: 02/26/2024) |
| 02/12/2024 | 24 | ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO STAY - Witham Hospital's |

| | | |
|---|---|---|
| | | is directed to transmit a copy of this order to the Clerk of the Marion County Court to include with its docket. SEE ORDER. Signed by Judge Tanya Walton Pratt on 2/12/2024. (KAA) (Entered: 02/12/2024) |
| 02/07/2024 | 23 | ORDER DIRECTING EXPEDITED BRIEFING: This matter is before the Court on Defendant's Emergency Motion to Stay Order Granting Motion to Remand (Filing No. 20). Plaintiff shall respond no later than Friday, February 9, 2024. The clerk is directed to transmit Filing No. 20 along with this order to the Clerk of the Marion County Court to include with its docket. See Order. Signed by Judge Tanya Walton Pratt on 2/7/2024. (Attachments: # 1 Docket 20)(LF) (Entered: 02/07/2024) |
| 02/07/2024 | 22 | RESPONSE in Opposition re 20 Emergency MOTION to Stay re 17 Closed Remanded , filed by Plaintiff SUSAN WHITAKER-PINE. (Attachments: # 1 Exhibit SBL Order, # 2 Exhibit Fleece Order)(Toops, Lynn) (Entered: 02/07/2024) |
| 02/07/2024 | 21 | NOTICE of Appearance by James Gerard Stranch, IV on behalf of Plaintiff SUSAN WHITAKER-PINE. (Stranch, James) (Entered: 02/07/2024) |
| 02/06/2024 | 20 | Emergency MOTION to Stay re 17 Closed Remanded , filed by Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Attachments: # 1 Text of Proposed Order)(Karlsgodt, Paul) (Entered: 02/06/2024) |
| 02/06/2024 | 19 | Transfer Letter to the Clerk of the Marion County Court. Copies of case documents and docket enclosed. (JSR) (Entered: 02/06/2024) |
| 02/06/2024 | 18 | ***PLEASE DISREGARD. SEE 19 *** Transfer Letter to the Clerk of the Marion County Court. Copies of case documents and docket enclosed. (JSR) Modified on 2/6/2024 (JSR). (Entered: 02/06/2024) |
| 02/06/2024 | 17 | CLOSED REMANDED to Marion Superior Court's Commercial Court - Whitaker-Pine's Motion to Remand (Filing No. 8 ) is GRANTED, except as to its request for attorneys' fees. This Court remands the case back to the Marion Superior Court's Commercial Court. The parties Joint Motion to Stay Proceedings Pending Ruling on Motion to Remand to State Court (Filing No. 7 ) is DENIED as moot. (See Order.) Signed by Judge Tanya Walton Pratt on 2/6/2024. (JSR) (Entered: 02/06/2024) |
| 01/10/2024 | 16 | NOTICE OF SUPPLEMENTAL AUTHORITY, filed by Plaintiff SUSAN WHITAKER-PINE, re 9 Brief/Memorandum in Support. (Attachments: # 1 Exhibit 1) (Toops, Lynn) (Entered: 01/10/2024) |
| 12/01/2023 | 15 | NOTICE OF SUPPLEMENTAL AUTHORITY, filed by Plaintiff SUSAN WHITAKER-PINE, re 9 Brief/Memorandum in Support. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Toops, Lynn) (Entered: 12/01/2023) |
| 11/09/2023 | 14 | NOTICE OF SUPPLEMENTAL AUTHORITY, filed by Plaintiff SUSAN WHITAKER-PINE, re 9 Brief/Memorandum in Support. (Attachments: # 1 Exhibit 1 - Columbus Order of Remand, # 2 Exhibit 2 - Goshen Order of Remand) (Toops, Lynn) (Entered: 11/09/2023) |
| 08/22/2023 | 🔒 | (Court only) *** Motions Submitted for tracking purposes: 8 MOTION to Remand for Lack of Subject Matter Jurisdiction (TRG) (Entered: 08/22/2023) |
| 08/11/2023 | 13 | REPLY in Support of Motion re 8 MOTION to Remand for Lack of Subject Matter Jurisdiction , filed by Plaintiff SUSAN WHITAKER-PINE. (Toops, Lynn) (Entered: 08/11/2023) |
| 08/04/2023 | 12 | NOTICE of Appearance by Michelle R. Gomez on behalf of Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Gomez, Michelle) (Entered: 08/04/2023) |
| 08/04/2023 | 11 | BRIEF/MEMORANDUM in Support of Response in Opposition to Motion re 8 MOTION to Remand for Lack of Subject Matter Jurisdiction , filed by Defendant BOARD OF TRUSTEES |

**WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL (1:23-cv-01080-TWP-MJD)**

| | | Paul Frey, # 2 Exhibit A - Strategic Plan 2011-2015, # 3 Exhibit B - Executive Order, # 4 Exhibit C - Strategic Plan 2015-2020, # 5 Exhibit D - Strategic Plan 2020-2025)(Karlsgodt, Paul) (Entered: 08/04/2023) |
|---|---|---|
| 08/04/2023 | 10 | RESPONSE in Opposition re 8 MOTION to Remand *for Lack of Subject Matter Jurisdiction* , filed by Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Karlsgodt, Paul) (Entered: 08/04/2023) |
| 07/21/2023 | 9 | BRIEF/MEMORANDUM in Support re 8 MOTION to Remand *for Lack of Subject Matter Jurisdiction* , filed by Plaintiff SUSAN WHITAKER-PINE. (Toops, Lynn) (Entered: 07/21/2023) |
| 07/21/2023 | 8 | MOTION to Remand *for Lack of Subject Matter Jurisdiction*, filed by Plaintiff SUSAN WHITAKER-PINE. (Attachments: # 1 Text of Proposed Order Order Granting Motion to Remand)(Toops, Lynn) (Entered: 07/21/2023) |
| 06/27/2023 | 🔒 | **(Court only)** ***MOTION(S) REFERRED to Magistrate Judge: 7 Joint MOTION to Stay *Proceedings Pending Ruling on Motion to Remand to State Court, and Memorandum of Law in Support*. Motions referred to Mark J. Dinsmore.(TRG) (Entered: 06/27/2023) |
| 06/26/2023 | 7 | Joint MOTION to Stay *Proceedings Pending Ruling on Motion to Remand to State Court, and Memorandum of Law in Support*, filed by Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Attachments: # 1 Text of Proposed Order Granting Stay of Proceedings)(Zimmerly, Philip) (Entered: 06/26/2023) |
| 06/23/2023 | 6 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (LF) (Entered: 06/23/2023) |
| 06/22/2023 | 5 | NOTICE of Appearance by Paul G Karlsgodt on behalf of Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Karlsgodt, Paul) (Entered: 06/22/2023) |
| 06/21/2023 | 🔒 | **(Court only)** ***Case Opening is Complete. (CKM) (Entered: 06/22/2023) |
| 06/21/2023 | 4 | NOTICE of Appearance by Philip R. Zimmerly on behalf of Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Zimmerly, Philip) (Entered: 06/21/2023) |
| 06/21/2023 | 3 | Rule 7.1 Disclosure Statement by BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Moorhead, Tyler) (Entered: 06/21/2023) |
| 06/21/2023 | 2 | NOTICE of Appearance by Tyler John Moorhead on behalf of Defendant BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Moorhead, Tyler) (Entered: 06/21/2023) |
| 06/21/2023 | 1 | NOTICE OF REMOVAL from Marion County Superior Court, case number 49D01-2305-PL-020025, filed by BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL. (Filing fee $402, receipt number AINSDC-7686842) (Attachments: # 1 Exhibit A - State Court Record (Complaint with Exhibit, Appearances, Commercial Court Notice, Summons, Motion for Enlargement of Time, Order Granting Enlargement, Docket Sheet), # 2 Exhibit B - Operative Complaint, # 3 Civil Cover Sheet)(Moorhead, Tyler) (Entered: 06/21/2023) |

**WHITAKER-PINE v. BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL (1:23-cv-01080-TWP-MJD)**